# Court of Appeals
# of the State of Georgia

ATLANTA, June 24, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2297. WILLIAM STROBLE v. THE STATE.**

In 2015, William Stroble pled guilty to aggravated child molestation. In December 2025, Stroble filed a motion for out-of-time appeal, which the trial court dismissed.[1] Stroble then filed this appeal. We, however, lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), our Supreme Court determined that a trial court lacks authority to grant an out-of-time appeal and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which allows a defendant to seek out-of-time relief if the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, OCGA § 5-6-39.1(a), or if the defendant had an out-of-time

---

[1] Williams previously attempted to appeal the denial of a motion to withdraw a guilty plea, but his appeal was dismissed for failure to file a brief. See Case No. A24A1852 (Sept. 10, 2024).

motion or appeal dismissed under *Cook*. OCGA § 5-6-39.1(b). Here, OCGA § 5-6-39.1 has no application as Stroble neither filed his motion for leave to file an out-of-time appeal within 100 days from the expiration of the time period for filing an appeal nor had a prior motion or appeal dismissed under *Cook*.

As Stroble has no right to an out-of-time appeal, this Court lacks jurisdiction to consider his appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__06/24/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*